IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  05-cv-00 735-RPM

RHONDA CALDERON,
DAVID JOSEPH DEHERRERA,
TYLER JASON DEHERRERA,

        Plaintiffs,

v.

ROY BREIVIK,
ROBERT HENDRIX,
RHONDA TAYLOR,
JASON HJELM, and
CITY OF STERLING, COLORADO,

        Defendants.

---

MEMORANDUM OPINION AND ORDER FOR ENTRY OF JUDGMENT FOR DEFENDANTS

---

Upon review of the cross motions for summary judgment and the supporting papers attached, the Court finds that there is no dispute concerning the following statement of facts.

The individual defendants were at all times material to this dispute employed as police officers of the City of Sterling, Colorado. On April 21, 2003, the defendant, Sergeant Robert Hendrix, applied for a search warrant to Logan County District Judge Robert Smith who issued a search warrant for a search of a house trailer at 1606 Evans Street in Sterling. Rhonda Calderon, David Joseph DeHerrera and Tyler Jason DeHerrera lived at that residence. The warrant was based on the affidavit of Hendrix. In that affidavit, Hendrix wrote that at approximately 10:00 a.m. on that day he had

received an anonymous report on the "Crime Stopper" telephone line of an active methamphetamine laboratory. He said that the caller reported that he/she had gone to Rhonda Calderon's residence, knocked on the door without answer, noted that the front bathroom vent was on and clanking and that there was a strong odor of ether from the bathroom. The caller did not know the street address but described the trailer and cars in the driveway. Hendrix further wrote that he had advised Sergeant Rhonda Taylor, a lab technician, of the telephone call and that she advised that the smell of ether indicates the methamphetamine cooking process is almost complete and that the ether is unstable subject to explosion. Hendrix also reported that the Sterling police files contained the address for Rhonda Calderon and that she had been arrested for possession with intent to distribute a controlled substance on September 11, 1998. Hendrix informed that Lt. Roy Breivik drove by the house, detected an odor but could not identify it as ether because his nose was plugged up.

Under the authority of the search warrant, defendants Taylor, Hendrix and Officer Jason Hjelm went to the plaintiffs' residence and entered it. They handcuffed and removed each of the plaintiffs from the residence while they conducted a search which did not produce evidence of a methamphetamine laboratory. They did seize pieces of aluminum foil burned on one side, lying in plain view on the dresser in Calderon's bedroom and other items which they believed were drug paraphernalia. Taylor issued a municipal summons to Calderon for possession of drug paraphernalia. That charge was dismissed by the city attorney on his own motion before trial.

In this civil action, plaintiffs claim damages under 42 U.S.C. § 1983 for violation of rights protected by the Fourth and Fourteenth Amendments to the United States

Constitution. They contend that the officers made an illegal entry because the search warrant was constitutionally invalid in that it was not based on an affidavit which established probable cause or a reasonable belief that a methamphetamine laboratory was on the premises. The individual defendants seek dismissal based on qualified immunity, asserting that a reasonable police officer would rely on the warrant issued by the judge. The plaintiffs assert that the Hendrix affidavit was based on an anonymous tip without corroboration of the information. They also assert that the affidavit failed to disclose that Calderon had been acquitted of the charge for which she had been arrested.

The plaintiffs rely on *Florida v. J.L.*, 529 U.S. 266 (2000) to support their argument that no reasonable judge would rely on an anonymous tip as establishing probable cause for a search. In that case, the Supreme Court found that an anonymous caller's report that a black male wearing a plaid shirt standing at a bus stop was carrying a gun was insufficient to support the police officer's stop and frisk of a suspected person under *Terry v. Ohio*, 392 U.S. 1 (1968). The plaintiffs submit that in *U.S. v. Tuter,* 240 F.3d 1292 (10th Cir. 2001) the Tenth Circuit Court of Appeals applied *Florida v. J.L.* in concluding that an affidavit based on an anonymous informant was insufficient to establish probable cause for a search warrant.

What the plaintiffs fail to recognize is that the issue in this case is not whether Judge Smith erred in issuing the warrant. It is whether the defendants could reasonably rely on his determination of probable cause. In the *Tuter* case, the court reversed the District Court's suppression of evidence obtained by the deficient warrant by applying the good faith exception recognized in *United States v. Leon*, 468 U.S. 897

3

(1984). The *Tuter* opinion cited the analysis made in *U.S. v. Danhauer,* 229 F.23d 1002 (10th Cir. 2000) in support of its ruling. The good faith exception governing the application of the exclusionary rule in a criminal case for a Fourth Amendment violation is based on the same reasoning as qualified immunity to civil liability. This is not a case in which the judge was misled by a false affidavit; there is nothing to support a claim that the state judge abandoned his judicial role and it cannot be said that the affidavit was so facially deficient that the officers could not reasonably believe that it supported a valid warrant.

Assuming that the search warrant was invalid, making the entry into the Calderon residence a violation of the Constitution, the accused defendants' reliance on the judge's determination of probable cause was objectively reasonable and they are therefore entitled to qualified immunity. *Anderson v. Crieghton*, 483 U.S. 635 (1987). As to defendant Roy Breivik, his limited role in the search would not support liability for his personal actions and there is no vicarious liability for a conduct of the officers making the entry simply because they were under his general supervision as a lieutenant.

Rhonda Calderon seeks to recover damages from Rhonda Taylor for the filing of the charge of possession of drug paraphernalia in the municipal court. That case was handled by the City Attorney's Office and the prosecutor voluntarily dismissed the charge after the Colorado Bureau of Investigation reported that it could not identify any drug residue on the items seized. There is nothing to indicate that Rhonda Taylor acted out of malice or ill will toward Rhonda Calderon in issuing the summons to her. Rhonda Taylor is not responsible for the prosecution of criminal charges and her action in

simply issuing a summons could not be considered a constitutional tort under the attendant circumstances.  The City of Sterling has no liability because there was no showing that the City had a policy or practice of authorizing police officers to make unlawful entries or file unsupported criminal charges.

Finally, while the complaint included a claim of unlawful taking of the items seized from Rhonda Calderon in the search in violation of the Fifth Amendment, that claim has not been pursued and it is without merit.

Upon the foregoing, it is

ORDERED that the plaintiffs' motion for partial summary judgment is denied and it is

FURTHER ORDERED that the defendants' motion for summary judgment is granted and the Clerk will enter judgment for the defendants, dismissing this civil action and awarding costs.

Dated: February 28th, 2007

                                            BY THE COURT:

                                            s/Richard P. Matsch

                                            _____
                                            Richard P. Matsch, Senior District Judge